*L. C. Rockwell, H. M. Orahood, J. McD. Livesay,* for appellants.
*W. B. Mills,* for appellee.

---

## BANK OF LEADVILLE *v.* ALLEN *et. al.*

(*Supreme Court of Colorado, December Term, 1882—Error to the Lake County District Court*).

1. EVIDENCE—INSTRUCTIONS.   Judgment will not be reversed on account of the admission of improper evidence, when the jury were instructed that such evidence was not to be considered by them.   If there was error in admitting the evidence, it was cured by the instruction to disregard it.

2. EVIDENCE.    It is not error to exclude evidence relating to the consideration of a promissory note, when the question of consideration is not involved in the issue.

3. INSTRUCTIONS.    When the issue involves the question of the partnership of defendants, and evidence is heard on that question, it is not error to instruct the jury as to the law relating to proof of partnership.

STONE, J.    The first, second, third and fourth errors assigned are to the ruling of the Court in permitting certain questions to be asked of witnesses relating to the consideration for which the notes in suit were given.   If there was any possible error in the admission of the testimony in question, it could not have prejudiced the plaintiff, since the Court plainly instructed the jury that the matter of the consideration for which the notes were given was not to be taken into account by them.   One of the instructions given by the Court to the jury on behalf of the plaintiff, is in the following language:

"You are further instructed, that it is immaterial in this case whether the notes in this controversy were given without consideration or not.    If you believe from the evidence that the plaintiff purchased said notes in the usual course of business, and before maturity, you are instructed that it is entitled to recover whether there was any consideration or not, and the only defense that can prevail against the plaintiff is, that the notes are not the notes of the defendants, or either of them."

This instruction clearly defined the issue to be determined by the jury, narrowed down to a single point in the defense, and rendered of no consequence the question objected to under the foregoing assignments.

The fifth alleged error is grounded upon the refusal of the Court to admit in evidence a certain document, called a lease, the assignment of which was claimed to have constituted the consideration of the notes.    This evidence was properly rejected, for two reasons, first, because the consideration for the notes in suit was not a material issue in the case; and, second, the assignment of the document, as shown by the record, was expressed to be upon the condition of the payment to Bush, the assignor, of four certain notes described as executed by Swords, one of defendants, and not the notes sued upon as the notes of B. F. Allen & Co.

The sixth, seventh, and eighth assignments allege error in

the giving of instructions touching the proof of partnership. Counsel for plaintiff in error admit in argument that these instructions severally state the law correctly, as abstract propositions, but object that they are not based upon the evidence in the case. We fail to perceive the force of this objection. The suit was brought upon certain promissory notes executed by the defendant Swords, in the name, and as the obligations of "B. F. Allen & Co.," and a recovery was sought against B. F. Allen and the said Swords, as partners composing the firm of B. F. Allen & Co. The answer of the defendants denied any such partnership, denied any authority whatever on the part of Swords to make the notes. The evidence on these points on the part of the defense was to the effect that there never had been any such partnership; that the defendants Allen and Swords were never partners in any business, and that Swords had no authority whatever to make the notes in question. The answer of Allen denied that they were his notes, and the answer of Swords denied his authority to make the notes, and alleged he made the same by duress on the part of Bush, the payee, and also charged the plaintiff as endorsee with knowledge of all the facts when it took the note from Bush. Upon the issues tried, and the evidence thereon, the instructions in question were pertinent, and as they correctly stated the law, there was no error in giving them to the jury.

The instructions given on behalf of the plaintiff are exceedingly liberal in favor of that side, and since the evidence as presented by the record is amply sufficient to support the verdict, there was no error in refusing a new trial, and the judgment of the Court below will be affirmed.

*Judgment affirmed.*

*D. J. Haynes*, for appellant.

*S. P. Rose*, for appelle.

## THE ATTACHMENT LAW.

Judge Hallett, of the U. S. Court, and Judge Dawson, of the Superior Court, have held that the amendment to the attachment law (Sess. Laws 1881), which undertakes to authorize an attachment on the ground of a past-due bill or note, or an overdue book account, is inoperative. That an attachment can only issue on some one of the twelve grounds laid down in the original Code provision.